UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNMARIE FASSI and
EUGENE FASSI,

   Plaintiffs,

-VS-

CASE NO.: 6:17-cv-1885-ORL-22-GJK

ENHANCED RECOVERY COMPANY, LLC,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, AnnMarie Fassi and Eugene Fassi, by and through the undersigned counsel, and sue Defendant, Enhanced Recovery Company, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. §

227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Seminole County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Seminole County, Florida.

10. Plaintiffs are "consumers" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiffs are "alleged debtors."

12. Plaintiffs are the "called parties." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256, and which has a registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. Defendant called the Plaintiffs on their cellular telephones approximately two hundred (200) times in an attempt to collect a debt.

17. Defendant attempted to collect an alleged debt from the Plaintiffs by this campaign of telephone calls.

18. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls the Defendant made to the Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered the phone before a voice came on the line.

20. The auto-dialer calls from Defendant came from telephone numbers including but not limited to 800-875-5164, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to the Defendant.

21. Plaintiffs are the subscribers, regular users and carriers of the cellular telephone numbers (407) ***-4203 (AnnMarie Fassi) and (407) ***-3959 (Eugene Fassi) and were the called parties and recipients of Defendant's calls.

22. Defendant placed an exorbitant number of automated calls to Plaintiffs' aforementioned cellular telephone numbers in an attempt to collect an outstanding debt.

23. On several occasions over the last four (4) years, the Plaintiffs instructed Defendant's agent(s) to stop calling their cellular telephone numbers. Specifically, in or about August 2016 AnnMarie Fassi told an agent of Defendant "I have no income and cannot pay you; please stop calling me." In addition, Eugene Fassi and AnnMarie Fassi have both requested Defendant to stop calling them multiple times throughout 2017.

24. Defendant willfully and/or knowingly harassed and abused the Plaintiffs on numerous occasions by calling the Plaintiffs' cellular telephone numbers up to four (4) times a day with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiffs' cellular telephones in this case.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiffs' cellular telephones in this case, with no way for the consumers, or Defendant, to remove the number.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite these individuals explaining to Defendant that they wish for the calls to stop.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

30. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

31. Defendant's corporate policy provided no means for the Plaintiffs to have their numbers removed from the call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

33. Defendant's own website, ERCBPO.com, contains a "Frequently Asked Questions" page that advises visitors of the "3 Cons to Suing a Debt Collector" which alleges that suing a debt collector "may be expensive" and that the "legal fees alone can eat up most of the reward you may be granted if you are able to win your case. If you lose, however, you may find yourself even further in debt and could be liable to pay the collection agency's attorney fees."

34. Defendant's website ERCBPO.com also advises visitors that debt collection harassment lawsuits "can take months or even years to make it through the court system" and that visitors to the page should "really consider if you're willing to invest that much time and effort into pursuing a case that you may or may not win."

35. None of Defendant's telephone calls placed to the Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

37. From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

38. From each and every call without express consent placed by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of the occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the cellular telephones unavailable for legitimate callers or outgoing calls while the cellular telephones were ringing from Defendant's call.

39. From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock their cellular telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the users of important missed communications.

40. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones was an injury in the form of a nuisance and annoyance to the Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock their cellular telephones and deal with missed call notifications and call logs that reflected the

unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the users of important missed communications.

41. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephones' battery power.

42. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones where a voice message was left which occupied space in Plaintiffs' cellular telephones or network.

43. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephones and their cellular telephone services.

44. As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA by AnnMarie Fassi)

45. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice

without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA by AnnMarie Fassi)

48. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

49. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

51. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

52. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA by AnnMarie Fassi)

53. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

54. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

55. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

57. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the TCPA by Eugene Fassi)

58. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

59. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

60. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FCCPA by Eugene Fassi)

61. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

62. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

63. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

64. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

65. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VI
### (Violation of the FDCPA by Eugene Fassi)

66. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

67. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

68. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

70. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Enhanced Recovery Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
mbradford@forthepeople.com
*Counsel for Plaintiff*